Cameron **PIERCE** and Patricia Pierce, husband and wife; Karen Kirby, a single woman; Mary J. Ray, a single woman, Gregory Sherman and Paula Sherman, husband and wife, Michael LePage and Gertrude LePage, husband and wife; on behalf of themselves and a class of similarly situated individuals, Plaintiffs,

v.

**NOVASTAR MORTGAGE, INC.,** a foreign corporation, Defendant.

No. C05–5835RJB.

United States District Court, W.D. Washington, at Tacoma.

Oct. 31, 2006.

Order Denying Reconsideration Nov. 20, 2006.

---

Ari Y. Brown, David S. Frockt, Matthew Phineas Bergman, Bergman & Frockt, Thomas E. Loeser, John Wentworth Phillips, Matthew Geyman, Phillips Law Firm, Seattle, WA, for Plaintiffs.

Donald C. Brown, Jr., Mitchel H. Kider, Weiner Brodsky Sidmann Kider, Washing-

ton, DC, Sal Mungia, J. Bradley Buckhalter, Gordon Thomas Honeywell Malanca Peterson & Daheim, Tacoma, WA, for Defendant.

## ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION

BRYAN, District Judge.

This matter comes before the Court on Plaintiffs' Renewed Motion for Class Certification (Dkt.61). The Court has considered the pleadings filed in support of and in opposition to the motion, the oral argument of counsel, and the file herein.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The facts and procedural posture of this case were set forth in the Court's Order on the plaintiffs' first motion for class certification and need not be fully restated here. *See* Dkt. 60. The plaintiffs are all borrowers who engaged in loan transactions with defendant NovaStar and claim to have been deceived by NovaStar's failure to disclose its payment of broker fees known as "yield spread premiums" ("YSP"). The plaintiffs brought suit alleging that the failure to provide written disclosure of the YSPs charged on their loans violated Washington's Consumer Protection Act, 19.86 *et seq.*

The plaintiffs moved to certify a class of borrowers who were not provided written disclosures. Dkt. 25. The Court denied the motion without prejudice. Dkt. 60. The Court held that the commonality and adequacy prerequisites to class certification under Federal Rule 23(a) were satisfied. *Id.* at 9–15. The Court held that the plaintiffs had not yet met their burden with respect to the numerosity and typicality prerequisites. *Id.* at 8–9. The Court also held that the predominance and superiority elements of Federal Rule 23(b) were not satisfied. *Id.* at 11–13.

As invited by the Court, the plaintiffs have filed a renewed motion to certify a class and present additional argument and authority to address the Court's concerns. The plaintiffs seek to provide the Court with additional authority and argument rather than to redefine the class. Dkt. 61–1 at 2. On October

27, 2006, the Court heard oral argument on the motion. Dkt. 72.

## II. DISCUSSION

### A. NECESSITY OF WRITTEN DISCLOSURES

The plaintiffs' Consumer Protection Act claim is premised upon alleged violations of the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), Washington's Consumer Loan Act ("CLA"), and the plaintiffs' real estate deeds, all of which require written disclosures. Dkt. 47 at 5; Dkt. 48–1 at 10 (Ms. Ray's deed requires notices to be in writing). In the Order Denying Plaintiffs' Motion for Class Certification Without Prejudice ("the Order" or "the Court's Order"), the Court held that verbal disclosures and independent knowledge of the YSP were relevant to determining whether NovaStar violated the CPA "[b]ecause the plaintiffs reference RESPA, TILA, and the CLA only as examples against which NovaStar's conduct should be measured" and that the "importance of written, as opposed to verbal, disclosures under [those statutes and the plaintiffs' deeds] are merely factors to consider in th[e] inquiry." Dkt. 60 at 8. The plaintiffs contend that verbal disclosures are irrelevant to class certification because they seek to establish a *per se* violation of the Consumer Protection Act by proving that NovaStar violation the Consumer Loan Act.

The CPA creates a private cause of action. RCW 19.86.090. The elements of a private CPA violation are (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that impacts the public interest; (4) and causes injury to the plaintiff in his or her business or property; and (5) such injury is causally linked to the unfair or deceptive act. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 780, 719 P.2d 531 (1986). The first two elements may be proved through direct evidence or may be established by a showing that the alleged act constitutes a *per se* unfair trade practice. A *per se* unfair trade practice exists when, by statute, the Legislature declares an unfair or

deceptive act in trade or commerce and the statute has been violated. *Id.* at 786, 719 P.2d 531. Not every statutory violation falls within the CPA. *State v. Schwab*, 103 Wash.2d 542, 549, 693 P.2d 108 (1985).

■ A violation of the CLA, including its written disclosure requirements, is explicitly deemed a violation of the first and second elements of the CPA:

> The legislature finds that the practices governed by this chapter are matters vitally affecting the public interest for the purpose of applying the consumer protection act, chapter 19.86 RCW. Any violation of this chapter is not reasonable in relation to the development and preservation of business and is an unfair and deceptive act or practice and unfair method of competition in the conduct of trade or commerce in violation of RCW 19.86.020. Remedies provided by chapter 19.86 RCW are cumulative and not exclusive.

RCW 31.04.208.

NovaStar does not appear to contest that violations of the CLA are *per se* violations of the CPA but instead disputes the applicability of the CLA and contends that verbal disclosures are relevant to the remaining causation and injury elements of a CPA claim. Dkt. 64–1 at 9–10. Because the CLA is the plaintiffs' basis for establishing a violation of the CPA, class certification hinges upon whether the plaintiffs sufficiently allege a violation of the CLA (and therefore a *per se* violation of the CPA) and whether verbal disclosures are legally relevant to the third, fourth, or fifth elements of a CPA claim.

## 1. *PER SE* VIOLATION

The plaintiffs contend that NovaStar's failure to provide written disclosures of the YSPs charged on their loans violated the CLA and that this, in turn, constitutes a *per se* violation of the CPA. Dkt. 61–1 at 5. The plaintiffs apparently allege that NovaStar violated the CLA in two ways. First, they contend that NovaStar did not comply with the CLA's own disclosure requirements. Second, they contend that NovaStar did not comply with disclosure requirements under RESPA and TILA, which is a violation of the

CLA. NovaStar contends that the CLA does not apply to these loan transactions and that it does not require written disclosure of YSPs. Dkt. 64–1 at 9.

### a. Applicability of the CLA

■ NovaStar contends that the CLA applies only to high interest rate loans and that a statutory exemption applies to NovaStar. NovaStar cites the statute's statement of purpose as authority for the notion that only high interest loans are covered:

> The legislature finds that borrowers who represent a higher than average credit risk are unable to obtain credit except at interest rates higher than permitted under other statutory provisions governing interest rates for loans. Therefore, it is the purpose of this chapter to authorize higher interest rates for certain types of loans, subject to the conditions and limitations contained in this chapter in order to ensure credit availability.

RCW 31.04.005. NovaStar fails to establish how this broad statement of purpose limits application of the CLA only to loans bearing "interest rates higher than permitted under other statutory provisions."

Application of the CLA is governed by the following provision:

> Each loan made to a resident of this state by a licensee is subject to the authority and restrictions of this chapter, unless such loan is made under the authority of another license issued pursuant to a law of this state or under other authority of a law of this state. This chapter shall not apply to any person doing business under and as permitted by any law of this state or of the United States relating to banks, savings banks, trust companies, savings and loan or building and loan associations, or credit unions, nor to any pawnbroking business lawfully transacted under and as permitted by any law of this state regulating pawnbrokers, nor to any loan of credit made pursuant to a credit card plan.

RCW 31.04.025. NovaStar contends that the plaintiffs' loans were made "pursuant to a statutory exemption as an affiliate of a real estate trust." Dkt. 64–1 at 9 n. 4. NovaStar fails to offer any argument or statutory sup-

port for this blanket statement. Whether the CLA governs the plaintiffs' loans is not an issue before the Court. For purposes of determining whether a class should be certified, the plaintiffs have sufficiently alleged a violation of the CLA.

### b. CLA Disclosure Requirements

The CLA imposes written disclosure requirements. The CLA provides, in relevant part, as follows:

> For all loans made by a licensee that are secured by a lien on real property, the licensee shall provide to each borrower within three business days following receipt of a loan application a *written disclosure* containing an itemized estimation and explanation of all *fees and costs that the borrower is required to pay* in connection with obtaining a loan from the licensee.

RCW 31.04.102(2) (emphasis added). Failing to provide the disclosures required by RCW 31.04.102(2) is a violation of the CLA. RCW 31.04.027(6).

NovaStar contends that this language does not require written disclosure of YSPs because they are not "fees and costs that the borrower is required to pay." The parties do not dispute that yield spread premiums are paid by lenders, such as NovaStar, and not by borrowers themselves. *See* Dkt. 25–1 at 3–4; Dkt. 64–1 at 9. The plaintiffs contend the YSP is in effect paid by the borrower because "its payment is made possible by the borrower's promise to pay a higher interest rate over the life of the loan." Dkt. 66 at 5. The plaintiffs have not cited a provision of the CLA requiring disclosure of payments made by the lender in connection with loan transactions. Whether NovaStar's conduct actually violated the CLA is an issue not yet before the Court. At this stage of the proceedings, the plaintiffs have sufficiently alleged a violation of the CLA and demonstrated that the presence of verbal disclosures is arguably irrelevant to determining whether NovaStar violated the CLA.

### c. TILA and RESPA Disclosure Requirements

In addition to its own disclosure requirements, the CLA also requires adherence to federal and state disclosure requirements. RCW 31.04.027(6). Specifically, the CLA's disclosure obligations require compliance with TILA and RESPA:

> In addition to complying with the applicable disclosure requirements in the federal and state statutes referred to in WAC 208–620–505 [TILA, RESPA, and others] if the loan will be secured by a lien on real property, you must also provide the borrower or potential borrower an estimate of the annual percentage rate on the loan and a disclosure of whether or not the loan contains a prepayment penalty within three days of receipt of a loan application.

WAC 208–620–510(1).

TILA requires a written itemization of the amount financed that includes amounts paid to other parties by the creditor on the consumer's behalf and identification of such parties. 12 C.F.R. § 226.18(c)(1)(iii). NovaStar contends that disclosure of the YSP is not required, citing *Noel v. Fleet Finance, Inc.*, 34 F.Supp.2d 451, 457 (E.D.Mich.1998). *But see Brazier v. Security Pacific Mortgage, Inc.*, 245 F.Supp.2d 1136, 1141 (W.D.Wash. 2003) ("The Court finds as a matter of law that the disclosures in the October 5, 2001 signed good faith estimate were not adequate under TILA and RESPA because there was no disclosure of the mortgage broker fee."). Again, whether NovaStar truly violated TILA is not now before the Court. The plaintiffs have successfully alleged a TILA violation for purposes of the motion to certify.

RESPA requires that borrowers be provided a good faith estimate listing the fact and range of settlement charges within three days of receiving a loan application. *See* 12 U.S.C. § 2604(c), 24 C.F.R. § 3500.7. Settlement charges include "indirect payments or back-funded payments to mortgage brokers that arise from the settlement transaction" and "mortgage broker fee[s]." 24 C.F.R. § 3500, App. A, § L. NovaStar concedes that the YSP must at least be noted on the good faith estimate but contends that a borrower on verbal notice of the YSP is in the same bargaining position as a borrower whose estimate lists the YSP. Dkt. 64–1. The wisdom of RESPA's requirement that broker fees be

disclosed to borrowers in a good faith estimate and whether such requirement was violated is not now before the Court. At this stage of the proceedings, it is sufficient to note that RESPA apparently requires written disclosure. If the plaintiffs succeed in demonstrating that this requirement was violated, they will have demonstrated a violation of the CLA and a *per se* violation of the CPA. The individual borrowers' knowledge of the YSPs charged in connection with their loans is arguably irrelevant to this inquiry and does not defeat certification.

### d. Conclusion

The plaintiffs have sufficiently alleged that NovaStar committed a *per se* violation of the CPA by failing to comply with written disclosure requirements under the CLA, TILA, and RESPA. Whether the plaintiffs will ultimately persuade the Court that NovaStar violated disclosure requirements under these statutes is an issue better left for summary judgment or trial. At this juncture, it is sufficient that the plaintiffs have demonstrated that verbal disclosures are arguably irrelevant to determining whether a *per se* violation of the CPA has occurred for class certification purposes.

### 2. REMAINING CPA ELEMENTS

NovaStar contends that even if verbal disclosures are legally irrelevant for purposes of establishing a *per se* violation of the CPA, the CPA's causation and injury elements require individualized inquiries such that this case is not suitable for certification as a class action. Dkt. 64–1 at 10.

■ The CPA requires proof of injury to the plaintiff's business or property. *Hangman Ridge*, 105 Wash.2d at 780, 719 P.2d 531. As the Court has already made clear, whether borrowers would have received a lower rate from their brokers if the YSP had been disclosed does not resolve the issue of whether the borrowers were injured by the lack of disclosure. Dkt. 16 at 9 (Order Denying Defendant's Motion to Dismiss), Dkt. 60 at 10–11 (Order Denying Plaintiffs' Motion for Class Certification Without Prejudice). The plaintiffs' allegation of injury is sufficient to allow the case to proceed as a class action,

and the necessity of determining the fact and extent of the plaintiffs' injuries does not defeat class certification requirements.

In its response to the first motion to certify, NovaStar maintained that CPA claims require proof of individualized reliance and that this requirement undermines class certification requirements. The Court, thus far, has declined to rule on the argument because it appeared to raise unsettled issues of state law and because the motion had already been denied on other grounds. This issue is crucial to the Court's determination of whether to certify a class because an inquiry into whether each plaintiff relied upon NovaStar's failure to disclose the YSP would likely render certification impractical and inappropriate under Federal Rule 23.

■ The Court is aware of no Washington authority explicitly holding that causation under the CPA requires proof of reliance on an omission. *See, e.g., Washington State Physicians Ins. Exchange & Ass'n v. Fisons Corp.,* 122 Wash.2d 299, 315, 858 P.2d 1054 (1993) (enough evidence on causation to submit case to jury where physician testified that he would have acted differently if there had been no omission); *Robinson v. Avis Rent A Car System, Inc.,* 106 Wash.App. 104, 113, 119, 22 P.3d 818 (2001); *Nuttall v. Dowell,* 31 Wash.App. 98, 111, 639 P.2d 832 (1982).

It is difficult to conceive of how a plaintiff may be expected to affirmatively show reliance on an omission other than through the filing of self serving affidavits. In this regard, the Court is persuaded by the rationale in *Morris v. International Yogurt Co.,* 107 Wash.2d 314, 329, 729 P.2d 33 (1986):

> If plaintiffs were required to prove reliance on an omission of material fact, defendants who should be held accountable for their failure to disclose material facts could escape liability, given the difficulties of such proof. On the other hand, if causation in fact is conclusively established by proof of nondisclosure of a material fact, some plaintiffs who did not actually rely on the nondisclosure might recover undeservingly.

At this stage, proof of reliance is not necessary in order to satisfy the CPA's causation

element. Whether the plaintiffs will succeed in proving causation through other means is an issue not now before the Court. The Court should hold that the CPA's causation requirement does not defeat class certification.

### 3. CLASS CERTIFICATION PREREQUISITES UNDER FEDERAL RULE 23(a)

■ Certification of a class requires that all prerequisites of numerosity, commonality, typicality, and adequacy are satisfied. Fed. R.Civ.P. 23(a). The Court denied the plaintiffs' first motion for class certification on the grounds that the numerosity and typicality prerequisites were not satisfied. Dkt. 60 at 14. Because the plaintiffs have not redefined the class, the Court's ruling addressing the remaining prerequisites remains in effect.

#### a. Numerosity

The plaintiffs' first motion for class certification was denied, in part, because the plaintiffs failed to meet the numerosity prerequisite of Federal Rule 23(a). The Court held that the plaintiffs had not yet established numerosity of the class "[b]ecause it is unclear the role that verbal broker disclosures of the YSP, and statutes of limitation, may play in the 107 files discovered thus far." Dkt. 60 at 8.

The plaintiffs contend that the numerosity requirement is now satisfied because verbal disclosures are irrelevant to determining whether NovaStar violated the CPA. The plaintiffs also contend that numerosity is satisfied even if tolling does not apply because 60 of the files determined to fall within the class (there are more than 1,000 yet to be reviewed) were originated on or after January 1, 2002, and therefore fall within the statute of limitations. Dkt. 61–1 at 9. The numerosity prong is satisfied.

#### b. Typicality

The Court also held that the plaintiffs failed to meet the typicality prerequisite in two respects. First, the Court held that it could not determine whether the class plaintiffs who received verbal notice of the YSP were typical of the class because it was unclear whether class members had received such notice. Dkt. 60 at 9–10. Having determined that verbal disclosures are arguably irrelevant, the Court is not persuaded by this argument.

Second, the Court held that it could not determine whether the LePage loan was a secondary market transaction and, if so, whether it was nevertheless typical of class claims. *Id.* at 10. Plaintiffs Michael and Gertrude LePage sought to refinance their home mortgage through CLS Mortgage, Inc. ("CLS"). The plaintiffs contend that NovaStar and CLS had a warehouse agreement whereby NovaStar acquired an interest in the loan before closing and paid CLS a yield spread premium. Dkt. 25–1 at 16. NovaStar contends that CLS sells closed loans that it funds on the secondary market and this is how NovaStar acquired its interest in the LePage loan. Dkt. 35–1 at 24.

The parties agree that the disclosure requirements for secondary market transactions are different and that such transactions should not be included in the class, but they disagree as to whether the LePage loan was such a transaction. The plaintiffs contend that secondary market transactions can be excluded through an objective review of each loan file and ask the Court to certify a subclass under Federal Rule 23(c)(4)(B) rather than deny the motion to certify. Dkt. 61–1 at 10. NovaStar contends that determining whether a loan constitutes a secondary transaction is fact intensive and defies class certification.

■ In determining whether particular loans fall within or outside the class, secondary market transactions must be excluded. The Court should not refuse to certify a class under Federal Rule 23 merely because the task of determining who falls within the class may be fact intensive. At this stage of the proceedings, it is sufficient to note that the class should exclude secondary market transactions. The issue of whether the LePages properly fall within the definition of the class may be raised by subsequent motion.

### 4. MAINTAINABILITY UNDER FEDERAL RULE 23(b)

To establish that this suit would be maintainable under Federal Rule 23(b) as a class

action, the plaintiffs sought to establish that common questions of law and fact predominate over individual class member issues and that a class action is the superior method of adjudicating the case. *See* Fed.R.Civ.P. 23(b)(3). In denying the motion, the Court held that the plaintiffs' receipt of individual verbal disclosures "would likely predominate . . . [and] would require extensive inquiries . . . such that a class action is not the superior method of adjudicating this case." Dkt. 60 at 14. Having found that verbal disclosures are arguably irrelevant, the Court should hold that this case is maintainable as a class action under Federal Rule 23(b).

## B.  TOLLING OF THE STATUTE OF LIMITATIONS

In the Court's Order on the first motion to certify, the Court declined to rule on whether the filing of a previous class action tolls the plaintiffs' suit and what effect such tolling would have on the definition of the class. In their renewed motion, the plaintiffs urge the Court to hold that tolling is applicable but contend that the numerosity requirement, addressed *supra*, is satisfied even if this action were not subject to tolling. Dkt. 61–1 at 9. NovaStar's response does not address this argument. At this stage of the proceedings, the Court should certify the class as defined by the plaintiffs and allow the parties to propose narrowing of the class by subsequent motion.

## C.  CONCLUSION

Having determined that verbal disclosures are arguably irrelevant and that proof of reliance is not strictly required, the Court should hold that the plaintiffs have succeeded in meeting the requirements for class certification under Federal Rule 23. At oral argument, the Court inquired whether the class should properly be limited to loans secured by real property located only within the Western District of Washington in order to preserve the Court's jurisdiction. The parties requested an opportunity to provide briefing on this issue. The Court should therefore allow the parties an opportunity to propose amendments to the definition of the class to address the Court's concern, the tolling issue, whether to certify a subclass, and any remaining concerns the parties may have regarding the definition of the class.

## III.  ORDER

Therefore, it is hereby

**ORDERED** that Plaintiffs' Renewed Motion for Class Certification (Dkt.61) is **GRANTED** as follows: The Court hereby certifies an opt-out class that includes every borrower satisfying the following requirements:

(1) the borrower entered into a federally-regulated mortgage loan that was subject to the requirements of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA") and secured by property within the State of Washington, at any time from July 30, 1999, to the present;

(2) in connection with the transaction, NovaStar paid a yield spread premium ("YSP") to the borrower's mortgage broker;

(3) in connection with the transaction, neither NovaStar nor the broker disclosed to the borrower the YSP on a good faith estimate dated within three days of the date on which NovaStar received the loan application; and

(4) in connection with the transaction, the borrower paid the mortgage broker compensation in addition to the YSP that NovaStar paid to the broker.

The parties have 10 days to propose amendments to this definition of the class, and such proposed amendments will be considered on November 10, 2006. Proposed amendments may be filed no later than November 6, 2006, responses thereto may be filed no later than November 8, 2006, and replies may be filed no later than November 9, 2006.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

ORDER DENYING DEFENDANT NOVASTAR MORTGAGE INC.'S MOTION FOR RECONSIDERATION OF COURT'S ORDER OF OCTOBER 31, 2006 GRANTING CLASS CERTIFICATION

This matter comes before the Court on Defendant NovaStar Mortgage Inc.'s Motion

for Reconsideration of Court's Order of October 31, 2006 Granting Class Certification (Dkt.92). The Court has considered the motion and the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The plaintiffs are all borrowers who engaged in loan transactions with defendant NovaStar and claim to have been deceived by NovaStar's failure to disclose its payment of "yield spread premiums" ("YSP") to brokers as an incentive to induce borrowers to enter into mortgages with higher interests rates.

The plaintiffs moved to certify a class of borrowers who were not provided written disclosures. Dkt. 25. The Court denied the motion without prejudice. Dkt. 60. The Court held that the commonality and adequacy prerequisites to class certification under Federal Rule 23(a) were satisfied. *Id.* at 9–15. The Court held that the plaintiffs had not yet met their burden with respect to the numerosity and typicality prerequisites. *Id.* at 8–9. The Court also held that the predominance and superiority elements of Federal Rule 23(b) were not satisfied. *Id.* at 11–13.

As invited by the Court, the plaintiffs again moved to certify a class. Dkt. 61. The Court heard oral argument and granted the motion. Dkt. 74. NovaStar now moves for reconsideration of that Order, offering legal authority not previously cited by the parties.

## II. DISCUSSION

Local Rule CR 7(h) provides as follows:

Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h). NovaStar's motion is based upon legal authority not previously brought to the Court's attention. The Court notes that NovaStar does not specify why such authority could not have been brought to the Court's attention earlier with reasonable diligence but has decided to address the merits of the motion in order to provide clarification to both parties.

In the Order Granting Plaintiffs' Renewed Motion for Class Certification, the Court held as follows:

In its response to the first motion to certify, NovaStar maintained that CPA claims require proof of individualized reliance and that this requirement undermines class certification requirements. The Court, thus far, has declined to rule on the argument because it appeared to raise unsettled issues of state law and because the motion had already been denied on other grounds. This issue is crucial to the Court's determination of whether to certify a class because an inquiry into whether each plaintiff relied upon NovaStar's failure to disclose the YSP would likely render certification impractical and inappropriate under Federal Rule 23.

The Court is aware of no Washington authority explicitly holding that causation under the CPA requires proof of reliance on an omission. *See, e.g., Washington State Physicians Ins. Exchange & Ass'n v. Fisons Corp.*, 122 Wash.2d 299, 315[, 858 P.2d 1054] (1993) (enough evidence on causation to submit case to jury where physician testified that he would have acted differently if there had been no omission); *Robinson v. Avis Rent A Car System, Inc.*, 106 Wash.App. 104, 113, 119[, 22 P.3d 818] (2001); *Nuttall v. Dowell*, 31 Wash.App. 98, 111[, 639 P.2d 832] (1982).

It is difficult to conceive of how a plaintiff may be expected to affirmatively show reliance on an omission other than through the filing of self serving affidavits. In this regard, the Court is persuaded by the rationale in *Morris v. International Yogurt Co.*, 107 Wash.2d 314, 329[, 729 P.2d 33] (1986):

If plaintiffs were required to prove reliance on an omission of material fact, defendants who should be held accountable for their failure to disclose material facts could escape liability, given the difficulties of such proof. On the other hand, if causation in fact is conclusively established by proof of nondisclosure of a material fact, some plaintiffs who did

not actually rely on the nondisclosure might recover undeservingly.

At this stage, proof of reliance is not necessary in order to satisfy the CPA's causation element. **Whether the plaintiffs will succeed in proving causation through other means is an issue not now before the Court.** The Court should hold that the CPA's causation requirement does not defeat class certification.

Dkt. 74 at 7–8 (emphasis added). NovaStar contends that this ruling is in error because it contradicts a 2006 King County Superior Court case holding that a violation of notice requirements is not actionable under the Washington Consumer Protection Act if the plaintiff has notice of the undisclosed information through other sources. *See Rucker v. Long Beach Mortgage Co.*, No. 04–2–14585–6 SEA (Sup.Ct. King County Feb. 6, 2006). NovaStar contends that "even if plaintiffs could show that NovaStar's failure to disclose ... was a deceptive act for purposes of the CPA, plaintiffs still could not prove all of the other CPA elements by class wide proof." Dkt. 92 at 4–5.

The Court has already ruled that the issue of whether borrowers received notice of YSPs other than through a good faith estimate would defeat the predominance requirement of Federal Rule 23. Dkt. 60 at 12 ("Determining the extent of each potential class member's knowledge of the YSP and weighing conflicting evidence about conversations members had with their brokers will cause individual issues to predominate."). Whether the plaintiffs can prove all elements of their CPA claim without such evidence is an issue for summary judgment or trial. If the plaintiffs are indeed unable to do so, as NovaStar contends, the Court will determine whether disposition of the case, decertification, or another course of action is appropriate.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendant NovaStar Mortgage Inc.'s Motion for Reconsideration of Court's Order of October 31, 2006 Granting Class Certification (Dkt.92) is **DENIED.**

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.